# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM STEGALL, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>CHARLES L. LADNER, JAMES F. CARLIN, WILLIAM H. CUNNINGHAM, RONALD R. DION, STEVEN PRUCHANSKY, NORMAN H. SMITH, JOHN P. TOOLAN, JAMES A. SHEPHERDSON, DENNIS S. ARONOWITZ, RICHARD P. CHAPMAN, JR., WILLIAM J. COSGROVE, RICHARD A. FARRELL, WILLIAM F. GLAVIN, JOHN A. MOORE, PATTI McGILL PETERSON, JOHN W. PRATT, JOHN HANCOCK FINANCIAL SERVICES, INC., JOHN HANCOCK ADVISERS, LLC,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-10062 DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Defendants Charles L. Ladner, James F. Carlin, William H. Cunningham, Ronald R. Dion, Steven Pruchansky, Norman H. Smith, John P. Toolan, James A. Shepherdson, Dennis S. Aronowitz, Richard P. Chapman, Jr., William J. Cosgrove, Richard A. Farrell, William F. Glavin, John A. Moore, Patti McGill Peterson, John W. Pratt, John Hancock Financial Services, Inc., and John Hancock Advisers, LLC,. ("Defendants") respectfully request that the Court stay discovery in this action pending resolution of Defendants' Motion to Dismiss for the reasons set forth herein.

## BACKGROUND

On January 10, 2005, plaintiff, William Stegall ("Plaintiff"), filed a complaint (the "Class Action Complaint") on behalf of investors in open-ended mutual funds with equity security holdings in the John Hancock Family of Funds (hereinafter the "Hancock Funds") against Defendants as well as other parties who have been dismissed from this action.  Class Action Complaint at ¶ 1.  Plaintiff alleges that during the Class Period, the Hancock Funds were eligible to participate in the recovery of money resulting from hundreds of securities class action settlements, but Defendants failed to submit proof of claim forms in such cases, thereby forfeiting Plaintiff's rightful share of the recovery obtained in the settlements.  *Id.*  According to Plaintiff, if Defendants had submitted the proper proof of claim forms on behalf of the Hancock Funds in these class action settlements, the settlement monies they were eligible to receive would have increased the total assets of the Hancock Funds and such increase would have been allocated to the then-current investors upon a recalculation of the Net Asset Value ("NAV").  *Id.* at ¶ 25.

In the Class Action Complaint, Plaintiff alleges that Defendants were negligent, breached their fiduciary duties owed to Plaintiff as well as their duties arising under Sections 36(a), 36(b), and 47(b) of the Investment Company Act of 1940 ("ICA"), as amended, 15 U.S.C. § 80a *et seq.*, by failing to ensure that the Hancock Funds participated in securities class action settlements for which the Funds were allegedly eligible.  *Id.* ¶¶ 28, 30-49.  Plaintiff brought this lawsuit against all of Defendants, on behalf of himself and all others similarly situated, for compensatory and punitive damages, forfeiture of all commissions and fees paid by class members, costs, and attorneys' fees.  *Id.* ¶ 16.  Plaintiff seeks class certification of this action on behalf of all persons owning one of the Hancock Funds at any time between January 10, 2002 and January 10, 2005,

and who were damaged by Defendants alleged conduct (the "Class Period"). *Id.*

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants have moved to dismiss all of Plaintiff's claims on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. With the filing of Plaintiff's Opposition on May 26, 2005 and Defendants' Reply Brief on June 30, 2005, the issues relevant to Defendants' Motion to Dismiss have been fully briefed.

## ARGUMENT

Defendants request that the Court stay all discovery, including initial disclosures mandated by Local Rule 26.2(A) and Fed. R. Civ. P. 26(a)(1), pending the resolution of the Defendants' Motion to Dismiss. The reasons for this request are simple and two-fold. First, Defendants argue Plaintiff's claims are predominately derivative in nature.[1] If this case had been brought as a derivative action – which Defendants argue it should have been – a stay of discovery would have been appropriate pursuant to Fed. R. Civ. P. 23.1. *Scattered Corp. v. Chicago Stock Exchange, Inc*., 701 A.2d 70-1, 77 (Del. 1997) ("Plaintiffs in a derivative suit are not entitled to discovery to assist their compliance with the particularized pleading requirement of Rule 23.1."), overruled in part on other grounds by *Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 1998); *see also In re Kauffman Mutual Fund Actions,* 479 F.2d 257, 263 (1st Cir. 1973) ("[I]t is clear that the 'particularity' [required by state law and Rule 23.1] must appear in the pleading itself; the stockholder may not plead in general terms, hoping that, by discovery or otherwise, he can later establish a case. Indeed, if the requirement could be met otherwise, it would be meaningless."). In addition, the Massachusetts Business Corporation Act of 2003 (which Defendants argue is controlling in other respects pertinent to their Motion to Dismiss) provides that in the derivative context, "all discovery proceedings shall be stayed upon the filing by the

---

[1] Defendants also argue that Plaintiff has failed to state a claim upon which relief can be granted for all of the counts in the Class Action Complaint, including the only count that Plaintiff arguably did not need to bring derivatively, i.e., Count II, which was brought under Section 36(b) of the ICA.

corporation of the motion to dismiss and the filing required by this section until the notice of entry of the order ruling on the motion… ."  *See* Mass. Gen. Laws c. 156D § 7.44.

Second, Defendants assert that undertaking substantial discovery prior to the resolution of Defendants' Motion to Dismiss is unwarranted because the legal arguments in favor of dismissal are particularly strong.  Defendants' Motion to Dismiss and supporting memoranda set forth compelling legal arguments which mandate the dismissal of each and every claim asserted by Plaintiff in this action.  In particular, Defendants rely on a recent decision by a sister federal court wherein a complaint nearly identical to Plaintiff's Class Action Complaint in the instant matter, and filed by Plaintiff's counsel, was dismissed in its entirety.  In that case, *Mutchka v. Harris*, 2005 WL 1414304 (C.D. Cal. June 9, 2005) (applying Massachusetts law), the plaintiff's complaint contained the same claims and the same allegations, albeit against a different mutual fund complex.  Based on the clear and applicable legal principles set forth in the *Mutchka* decision as well as the authorities set forth in the memoranda submitted in support of Defendants' Motion to Dismiss, Plaintiff's Class Action Complaint must also be dismissed. Given the recent *Mutchka* decision and the weight of authority, it is not only unwarranted but also unfair to require Defendants to be subjected to substantial discovery at this time. Accordingly, a stay of discovery is appropriate pending resolution of Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant its

Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss.

> Defendants
> CHARLES L. LADNER, et al.
>
>
> By their Attorneys,
>
> /s/ Steven P. Wright
> Wm. Shaw McDermott, BBO #330860
> Steven P. Wright, BBO #648575
> Jason N. Golub, BBO #660114
> Kirkpatrick & Lockhart
> Nicholson Graham LLP
> 75 State Street
> Boston, MA   02109
> (617) 261-3100

Dated:  July 13, 2005

## CERTIFICATE OF SERVICE

I, Steven P. Wright hereby certify that a true copy of the above document was served electronically on July 13, 2005 upon all counsel of record.

> /s/ Steven P. Wright
> Steven P. Wright