# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM STEGALL, on Behalf of Himself and All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES L. LADNER, JAMES F. CARLIN, WILLIAM H. CUNNINGHAM, RONALD R. DION, STEVEN PRUCHANSKY, NORMAN H. SMITH, JOHN P. TOOLAN, JAMES A. SHEPHERDSON, DENNIS S. ARONOWITZ, RICHARD P. CHAPMAN, JR., WILLIAM J. COSGROVE, RICHARD A. FARRELL, WILLIAM F. GLAVIN, JOHN A. MOORE, PATTI McGILL PETERSON, JOHN W. PRATT, JOHN HANCOCK FINANCIAL SERVICES, INC., JOHN HANCOCK ADVISERS, LLC, )<br>)<br>Defendants. ) | Civil Action No. 05-10062 DPW |

## JOINT STATEMENT FOR SCHEDULING CONFERENCE

Pursuant to the Notice of Scheduling Conference dated June 9, 2005, and in accordance with Local Rule 16.1(D), plaintiff, William Stegall, et al. ("Plaintiff"), and defendants Charles L. Ladner, James F. Carlin, William H. Cunningham, Ronald R. Dion, Steven Pruchansky, Norman H. Smith, John P. Toolan, James A. Shepherdson, Dennis S. Aronowitz, Richard P. Chapman, Jr., William J. Cosgrove, Richard A. Farrell, William F. Glavin, John A. Moore, Patti McGill Peterson, John W. Pratt, John Hancock Financial Services, Inc., and John Hancock Advisers, LLC, ("Defendants") submit the following Joint Statement in connection with the scheduling conference to be held on July 26, 2005.

**I.     Introduction**

On January 10, 2005, Plaintiff filed a Class Action Complaint on behalf of investors in open-ended mutual funds with equity security holdings in the John Hancock Family of Funds (hereinafter the "Hancock Funds") against Defendants as well as other parties who have been dismissed from this action. Plaintiff alleges that during the Class Period, the Hancock Funds were eligible to participate in the recovery of money resulting from hundreds of securities class action settlements, but Defendants failed to submit proof of claim forms in such cases, thereby forfeiting Plaintiff's rightful share of the recovery obtained in the settlements.  According to Plaintiff, if Defendants had submitted the proper proof of claim forms on behalf of the Hancock Funds in these class action settlements, the settlement monies they were eligible to receive would have increased the total assets of the Hancock Funds and such increase would have been allocated to the then-current investors upon a recalculation of the Net Asset Value ("NAV").

In the Class Action Complaint, Plaintiff alleges that Defendants were negligent, breached their fiduciary duties owed to Plaintiff as well as their duties arising under Sections 36(a), 36(b), and 47(b) of the Investment Company Act of 1940 ("ICA"), as amended, 15 U.S.C. § 80a *et seq.*, by failing to ensure that the Hancock Funds participated in securities class action settlements for which the Funds were allegedly eligible.  Plaintiff brought this lawsuit against all of Defendants, on behalf of himself and all others similarly situated, for compensatory and punitive damages, forfeiture of all commissions and fees paid by class members, costs, and attorneys' fees. Plaintiff seeks class certification of this action on behalf of all persons owning one of the Hancock Funds at any time between January 10, 2002 and January 10, 2005, and who were damaged by Defendants alleged conduct (the "Class Period").

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants have moved to dismiss all of Plaintiff's claims on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. With the filing of Plaintiff's Opposition on May 26, 2005 and Defendants' Reply Brief on June 30, 2005, the issues relevant to Defendants' Motion to Dismiss have been fully briefed.

## II.     Proposed Agenda for Scheduling Conference

The parties are prepared to discuss the pre-trial scheduling matters set forth in Section III below during the scheduling conference. In addition, following the advice of the Court's clerk, the parties are prepared to address Defendants' Motion to Dismiss Plaintiff's Class Action Complaint, which, with the filing of Defendants' Reply Brief in Support of Defendants' Motion to Dismiss submitted on June 30, 2005, has been fully briefed. Last, Defendants request that the Court address Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss.

In accordance with Local Rule 16.1(C), the parties have already exchanged settlement communications but have not been able to reach settlement at this time.

## III.    Parties' Proposed Pre-Trial Schedule

### A.     Defendants' Proposed Discovery Limitations

Defendants request that the Court stay all discovery, including initial disclosures mandated by Local Rule 26.2(A) and Fed. R. Civ. P. 26(a)(1), pending the resolution of the Motion to Dismiss now fully briefed and before the Court. The reasons for this request are set forth in Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss and the accompanying memorandum, which have been filed with the Court. Plaintiff does not believe that discovery should be stayed as set forth in Plaintiff's response to Defendants' Motion to Stay, which will be filed with the Court prior to the Scheduling Conference.

**B.    Proposed Discovery Schedule**

In the event that the Court denies Defendants' Motion to Stay, the parties, after good faith negotiations, have not been able to agree upon a proposed discovery schedule and provide the two separate proposals outlined below:

1.    Defendants' Proposed Discovery Schedule

Defendants propose that discovery be conducted in two phases for reasons of judicial economy and efficiency. Phase I discovery should be directed to the issue of class certification and the merits of Plaintiff's individual claims, including discovery concerning Plaintiff's fund holdings so that the Court may determine as soon as practicable whether this action meets the standards under Rule 23 of the Federal Rules of Civil Procedure for class action treatment.

Defendants request that the Court establish a schedule based on the dates provided below for the briefing of Plaintiff's motion for class certification, which should be briefed, heard, and decided upon at the completion of Phase I discovery.

Following resolution of the class certification issue, Defendants request that a second scheduling conference be held to address what discovery, if any, remains in the second phase of discovery, the timing for completion of Phase II discovery, and any further deadlines for dispositive motions, pre-trial matters and trial. Phase II discovery would be directed at the merits of Plaintiff's class claims and would only be conducted if the Court certifies a class under Rule 23.

For these reasons, Defendants propose the following Schedule for Phase I and II discovery, motions, and pre-trial activities:

Phase I

- Initial Disclosures: Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) will be completed by: 30 days from the denial of Defendants Motion to Stay or the lifting of the Stay (if any).

- Completion of fact discovery on issues pertaining to class certification (i.e., all such discovery is to be served such that the response date will be no later than): 120 days after service of initial disclosures.

- Service of expert disclosures regarding class certification required by Rule 26(a)(2) and Local Rules 16.5(C) and 26.4(A): 150 days after service of initial disclosures.

- Service of rebuttal expert reports regarding class certification (if any) by: 180 days after initial disclosures.

- Completion of expert discovery regarding class certification (i.e., all such discovery is to be served such that the response date will be no later than): 240 days after initial disclosures.

- Deadline for serving a motion for class certification: 270 days after initial disclosures.

- Deadline for serving an opposition to motion for class certification: 300 days after initial disclosures.

Phase II

- Completion of fact discovery regarding merits of Plaintiff's class claims (if necessary) (i.e., all such discovery is to be served such that the response date will be no later than): to be determined after second scheduling conference.

- Service of expert disclosures regarding the merits of Plaintiff's class claims required by Rule 26(a)(2) and Local Rules 16.5(C) and 26.4(A): to be determined after second scheduling conference.

- Service of rebuttal expert reports regarding the merits of Plaintiff's class claims (if any) by: to be determined after second scheduling conference.

- Completion of expert discovery regarding the merits of Plaintiff's class claims to be completed by (i.e. all such discovery is to be served such that the response date will be no later than): to be determined after second scheduling conference.

- All dispositive motions to be filed by: to be determined after second scheduling conference.

- All oppositions to dispositive motions to be filed by: to be determined after second scheduling conference.

- Pre-trial disclosures required by Rule 26(a)(3) and Local Rule 16.5(C) shall be made by: to be determined after second scheduling conference.

- Final pre-trial conference shall be no later than: to be determined after second scheduling conference.

    2. Plaintiff's' Proposed Discovery Schedule

Plaintiff does not believe that the phased discovery proposed by Defendants is appropriate or necessary in this case. Plaintiff anticipates that a significant portion of the material documents will be included in the initial disclosures described below and that additional discovery will not be of the complexity that necessitates phased discovery.

Initial Disclosures

Initial Disclosures shall be provided on or before August 19, 2005. As part of the Rule 26 initial disclosures, Plaintiff requests that Defendants shall provide the following documentation within their possession, custody or control:

- A copy of procedures relating to the tracking and/or participation in securities class action settlements.

- Documents sufficient to show the class action settlements listed in paragraph 24 of the complaint in which Hancock Funds participated.

- Copies of filed proofs of claim for the securities class action settlements listed in paragraph 24 of the complaint;

- A list of the securities class action settlements listed in paragraph 24 of the complaint in which Hancock Funds may have been eligible to participate but for which proof of claim forms were not filed.

- Declaration of trust documents for each fund or investment company subject to this action.

- Advisory and sub-advisory agreements for the funds or investment company subject to this action.

- Documents relating to the funds' opting out of securities class actions listed in paragraph 24 of the complaint.

Also as part of the Rule 26 initial disclosures, Plaintiff shall provide the documentation within their possession, custody or control reflecting the following information:

- The funds in which the named plaintiffs own shares.

6

- The dates of Plaintiff's share ownership

Discovery and Pre-Trial Deadlines

- Deadline for Joinder of Parties and Amendment of Pleadings; November 4, 2005.

- Deadline for Motion for Class Certification: January 16, 2006

- Expert Witness Disclosure:

    a.  Anticipated Fields of Expert Testimony: (a) the fiduciary duty and standard of care within the mutual fund industry related to participation in securities class action settlements, and (b) calculation of the pro rata recovery in each missed settlement.

    b.  The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ. P.26(a)(2) on or before April 14, 2006.

    c.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a) on or before May 19, 2006.

- Discovery Cut-off: June 19, 2006

- Dispositive Motion Deadline: July 28, 2006

- Pretrial Disclosures: September 19, 2006

- Final Pre-Trial Conference: October 21, 2006

IV.  **Trial By Magistrate**

The parties are not prepared at this time to consent to trial by a Magistrate Judge.

V.  **Alternate Dispute Resolution**

The parties have engaged in discussions convcerning settlement and do not believe that Alternate Dispute Resolution will assist them at this time.

**VI.    Certifications**

The parties have already filed their Certificates of Compliance in accordance with Local Rule 16.1.

| | |
|---|---|
| Plaintiffs,<br>WILLIAM STEGALL, et al. | Defendants<br>CHARLES L. LADNER, et al. |
| By their Attorneys, | By their Attorneys, |
| /s/ David Pastor<br>David Pastor, BBO #391000<br>GILMAN AND PASTOR, LLP<br>999 Broadway<br>Saugus, MA  01906<br>(781) 231-7850<br><br>Randall K. Pulliam<br>BARON & BUDD, P.C.<br>3102 Oak Lawn Ave.<br>Suite 1100<br>Dallas, TX 75219-4281<br>(214) 521-3605<br><br>J. Allen Carney<br>Hank Bates<br>CAULEY BOWMAN CARNEY &<br>WILLIAMS, LLP<br>11311 Arcade, Dr.<br>Suite 200<br>Little Rock, AR<br>(501) 312-8500 | /s/ Steven P. Wright<br>Wm. Shaw McDermott, BBO #330860<br>Steven P. Wright, BBO #648575<br>Jason N. Golub, BBO #660114<br>Kirkpatrick & Lockhart<br>Nicholson Graham LLP<br>75 State Street<br>Boston, MA   02109<br>(617) 261-3100 |

Dated:  July 19, 2005