UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM STEGALL, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES L. LADNER, JAMES F. CARLIN, WILLIAM H. CUNNINGHAM, RONALD R. DION, STEVEN PRUCHANSKY, NORMAN H. SMITH, JOHN P. TOOLAN, JAMES A. SHEPHERDSON, DENNIS S. ARNOWITZ, RICHARD P. CHAPMAN, JR., WILLIAM J. COSGROVE, RICHARD A. FARRELL, WILLIAM F. GLAVIN, JOHN A. MOORE, PATTI McGILL PETERSON, JOHN W. PRATT, JOHN HANCOCK FINANCIAL SERVICES, INC., JOHN HANCOCK ADVISERS, LLC, INDEPENDENCE INVESTMENT, LLC, NICHOLAS-APPLEGATE CAPITAL MANAGEMENT, PZENA MANAGEMENT, LLC, SHAY ASSETS MANAGEMENT, INC., SUSTAINABLE GROWTH ADVISERS, LP, FUND ASSET MANAGEMENT, LP, AMERICAN FUND ADVISORS, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 05-10062 DPW<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff, William Stegall, for his opposition to Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss ("Motion to Stay"), hereby states:

## ARGUMENT

Defendants provide no basis for their Motion to Stay other than to repeat the perceived merits of their pending Motion to Dismiss. As these arguments are not persuasive on the Motion to Dismiss, the Motion to Stay should likewise be denied.

Defendants' Motion to Stay suffers from the same faulty predicate as their Motion to Dismiss. Once again, Defendants attempt to recast Plaintiff's direct claims as a derivative suit and then proceed to argue why discovery in a derivative action is premature. *See, e.g.*, Defendants' Memorandum in Support of Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, at 3 ("If this case had been brought as a derivative action - which Defendants argue it should have been - a stay of discovery would have been appropriate pursuant to Fed. R. Civ. P. 23.1"). Defendants' argument fails as Plaintiff has properly plead his case as a direct action rather than a derivative action, and the provisions of Fed. R. Civ. P.23.1 are inapplicable. Defendants' preference for defending a derivative suit is, therefore, of no importance.

Defendants' second argument in favor of a discovery stay is that they are likely to prevail in their pending Motion to Dismiss. *See, e.g.*, Defendants' Memorandum in Support of Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, at 4. However, Defendants' convictions in the merits of their Motion to Dismiss is not a sufficient basis to stay the mandatory Fed. R. Civ. P. 26 disclosures or discovery in general.

Plaintiff has filed a claim that is narrow in scope and specific in its allegations. Specifically, Plaintiff alleges that Defendants failed to file proofs of claim in settled securities cases on behalf of

the John Hancock family of mutual funds and that as a result, Plaintiff, and all other John Hancock mutual fund holders, have been damaged. Proving these claims does not require a wide ranging discovery process. Rather, as set out in the parties' Joint Statement for Scheduling Conference, filed with this court on July 19, 2005, Plaintiff primarily seeks documents that reveal Defendants' procedures relating to the tracking and/or participation in securities class action settlements as well as documentation regarding the participation of the John Hancock funds in the cases set out in paragraph 24 of Plaintiff's Complaint.

Production of the mandatory Fed. R. Civ. P. 26 disclosures at this time serves the stated purpose of Rule 26, which is to resolve litigation quicker and more efficiently. *See In re Lotus Dev. Corp. Sec. Litig.*, 875 F. Supp. 48, 50 (D. Mass. 1995) "The salutary purpose [of Rule 26] identified by the advisory committee is 'to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.' More colorfully put, the committee set out to slay the twin dragons of cost and delay." If Defendants' Motion to Stay is granted, the intent of Fed. R. Civ. P. 26 will have been thwarted. In *Lotus*, Defendants sought a stay of discovery and Rule 26 disclosures on the basis of the perceived merits of their pending motion to dismiss. *Id.* at pg. 50. In denying the motion for stay, the *Lotus* court held that "The burden of proof imposed on the party seeking a stay is a stiff one. To create a full-blown procedure, or to make a stay more readily obtainable simply because there is a colorable motion to dismiss, would undermine the spirit of the new rule, and vindicate the critics who cried that the reform was bound to balloon motion practice by introducing new ambiguities that would be seized upon by lawyers trained to operate in an adversarial system." *Id.* at 51.

Production of these documents by Defendants will result in significant progress towards

resolution of this matter. *See Lotus,* 875 F. Supp. at 53 (Rule 26 disclosures "may well promote settlement and expedited resolution of this litigation"). A stay of discovery, coming more than six months after the filing of the action, will serve no valid purpose.

## CONCLUSION

Defendants have provided no basis to stay discovery in this matter. Accordingly, Defendants' Motion to Stay should be denied.

Dated: July 22, 2005

Respectfully submitted,

By:  /s/ David Pastor
David Pastor (BBO #391000)
Gilman and Pastor, LLP
60 State Street; 37th Floor
Boston, MA 02109
(617) 742-9700
(617) 742-9701 fax

Randall K. Pulliam
BARON & BUDD, P.C.
3102 Oak Lawn Ave.; Suite 1100
Dallas, Texas 75219-4281
(214) 521-3605
(214) 520-1181 fax

Hank Bates
J. Allen Carney
Brooke Augusta Owen
CAULEY BOWMAN CARNEY & WILLIAMS
11311 Arcade Dr., Suite 200
Little Rock, Arkansas 72212
(501) 312-8500
(501) 312-8505 fax